IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| KEITH F. BELL, | ) Case No. 3:24-cv-00083-SMR-WPK |
| Plaintiff, | ) |
| | ) ORDER ON MOTION TO DISMISS |
| v. | ) |
| SOLON COMMUNITY SCHOOL DISTRICT, | ) |
| Defendant. | ) |

Plaintiff Dr. Keith Bell filed this lawsuit against Defendant Solon Community School District ("School District") for copyright infringement and breach of contract. He alleges that in November 2021, he discovered that a School District employee, had retweeted a passage from Bell's 1982 book "Winning Isn't Normal." Bell further alleges that this retweet breached provisions of a settlement agreement between him and the School District regarding a separate alleged copyright infringement.

I. BACKGROUND

Bell describes himself as a "world-renowned sports psychologist" and "the father of swimming psychology." [ECF No. 1 ¶¶ 7–8]. In 1981, Bell authored a book entitled "Winning Isn't Normal" ("WIN Book"), which was first published in 1982. *Id*. ¶ 12. Bell obtained a copyright registration for the WIN Book in 1989. *Id*. ¶ 16. In 2017, Bell obtained a separate copyright registration for what he terms the "WIN Excerpt" which is a passage from the book that he asserts "is the heart of the Book." *Id*. ¶¶ 17–19.

This dispute arises from a Twitter[1] post that Bell alleges he discovered on November 1, 2021. [ECF No. 10-3 at 3]. According to a pre-litigation demand letter sent to the School District, Bell explains that he found that Lucas Stanton, who is an employee of the School District, had retweeted on his personal Twitter account a post originally made by another user that contained the WIN Excerpt. *Id*. The original Twitter post did not attribute the excerpt to Bell. The Complaint alleges that Stanton's Twitter account had approximately 1,666 followers at the time of the retweet, and the post remained accessible until at least April 16, 2022. [ECF No. 1 ¶ 40].

This is not the first dispute between Bell and the School District. In May 2018, the parties entered into a settlement agreement ("Agreement") regarding a different allegation of copyright infringement involving another School District employee. *Id*. ¶ 31; *see also* [ECF No. 12] (sealed). The Agreement included a "Cessation of Use" provision and a "No Disparagement" provision. [ECF No. 12 at 3] (sealed). Bell now claims that Stanton's 2021 retweet violated both of those provisions.

Based on these events, Bell asserts three claims: (1) copyright infringement of both the WIN Book and WIN Excerpt, (2) breach of the "Cessation of Use" provision from the 2018 Agreement, and (3) breach of the non-disparagement provision from the same settlement. Bell seeks monetary damages and attorneys' fees.

---

[1] Twitter is now known as X. For simplicity, the Court will refer to the social media platform as "Twitter."

II.   DISCUSSION

*A. Legal Standard*

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). There is no requirement under Rule 8 that a complaint provide detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A defendant may dismiss a claim if the factual allegations fail "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard is not a probability requirement, but requires that the pleading contain sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" to support a violation. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 570). In other words, the factual allegations "must be enough to raise a right to relief above the speculative level" by presenting claims that are facially plausible. *Iqbal*, 556 U.S. at 678 (citation omitted).

A court must accept as true all facts pled and grant all reasonable inferences drawn from the pleadings in favor of the nonmovant. *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 721 (8th Cir. 2014) (citation omitted). A complaint is not adequately pled if it contains "'naked assertions devoid of further factual enhancement.'" *Christopher v. Bushner*, 33 F.4th 495, 499 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678).

A plaintiff cannot base an entitlement to relief on merely "labels and conclusions." *Twombly*, 550 U.S. at 555. "'Factual' matter does not include 'labels . . . or a formulaic recitation

of the elements of a cause of action,' 'naked assertions of claims,' or legal conclusions 'couched as' facts. *DeCastro v. Hot Springs Neurology Clinic, P.A.*, 107 F.4th 813, 816 (8th Cir. 2024) (cleaned up) (quoting *Iqbal*, 556 U.S. at 678).

Courts may properly consider "documents necessarily embraced by the complaint," including "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). On a Rule 12(b)(6) motion, a court may consider documents that are "integral" to a plaintiff's claims or "contemplated by or expressly mentioned in the complaint" if their authenticity is unquestioned. *Dittmer Props. L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013).

## B. Analysis

Bell has been described by other courts as a "serial litigant" with a "business model of litigation" which often consists of "suing public institutions and nonprofit organizations over *de minimis* uses" of excerpts from his book. *Bell v. Eagle Mountain-Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 326 (5th Cir. 2022) (describing Bell's "long history of suing public institutions and nonprofit organizations over *de minimis* uses of his work") (collecting cases).[2]

### 1. Copyright Infringement

To establish a claim for copyright infringement, a plaintiff must show (1) "ownership of a valid copyright" and (2) "copying of original elements of the copyrighted work" by the defendant. *Feist Pubs., Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361 (1991); *Warner Bros. Ent.,*

---

[2] The United States District Court for the Northern District of California characterized Bell's litigation strategy as "border[ing] on the extortionate" which does "not advance the purposes of the Copyright Act." *Bell v. Oakland Cmty. Pools Project, Inc.*, Case No. 19-cv-01308-JST, 2020 WL 13695114, at *3–4 (N.D. Cal. Oct. 14, 2020) (discussing Bell's demand of $25,000.00 from nonprofit defendant). In this matter, Bell's sought $34,500.00 payment within 13 days of his demand letter. [ECF No. 10-3 at 5–6].

*Inc. v. X One X Prods.,* 644 F.3d 584, 595 (8th Cir. 2011). Bell's copyright infringement claim fails for two independent reasons.

First, his claim is barred by the Copyright Act's three-year statute of limitations. The Copyright Act provides that "[n]o civil action shall be maintained . . . unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "A cause of action for copyright infringement accrues when one has knowledge of a violation or is chargeable with such knowledge." *Rouse v. Walter & Assocs., L.L.C.*, 513 F. Supp. 2d 1041, 1067 (S.D. Iowa 2007) (quoting *Roley v. New World Pictures, Ltd.,* 19 F.3d 479, 481 (9th Cir. 1994)). A plaintiff is "chargeable" with knowledge of copyright infringement "when 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'" *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 n.4 (2014) (quoting *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (3rd Cir. 2009)).

Bell filed this action on November 5, 2024, but by his own admission, he discovered the alleged infringement on November 1, 2021. [ECF No. 1 ¶ 40]. The School District argues that the statute of limitations therefore expired before he filed suit. It has also attached a letter to school officials by Bell on November 5, 2021.[3] This letter states, "[o]n November 1, 2021, [Bell] discovered[] a textual representation of page 8 of *Winning Isn't Normal* was Retweeted by Lucas Stanton on his Twitter page." [ECF No. 10-3 at 3]. Both the Complaint and the demand letter reflect that Bell was aware of the alleged violation more than three years before this case was filed.

The claim cannot be saved by any argument that the alleged infringement had continued through April 2022 because the retweet remained visible. The "separate-accrual rule" applies

---

[3] The notification letter is referenced, but not attached to, the complaint. Therefore, it is properly considered on a Rule 12(b) motion as a document "necessarily embraced by the complaint." *Smithrud v. City of St. Paul*, 746 F.3d 391, 397 (8th Cir. 2014).

"when a defendant commits successive violations" then "the statute of limitations runs separately from each violation." *Petrella*, 572 U.S. at 671. The separate-accrual rule should not be confused with previous violations that continue to cause harm. *Id.* at 671 n.6 (quoting *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997)). Rather, a successive violation "gives rise to a discrete 'claim' that 'accrues' at the time the wrong occurs." *Media Rights Tech., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1023 (9th Cir. 2019) (citation omitted). Other courts have held in cases brought by Bell that "the mere fact that a document remained online does not trigger the separate-accrual rule." *Oakland Cmty. Pools*, 2020 WL 4458890, at *5 (collecting cases applying the separate-accrual rule). Here, there is no allegation in the Complaint that a defendant engaged in "any new act" of copyright infringement beyond the original post. *Chelko v. Does*, No. 3:18-CV-00536-GCM, 2019 WL 3294201, at *5 (W.D. N.C. July 22, 2019). Accordingly, the statute of limitations has expired on the alleged violation.

Second, even if the claim were timely, Bell fails to plausibly allege any act of copying by the School District itself. To establish copyright infringement, Bell must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Cornice & Rose Int'l, LLC v. Four Keys, LLC*, 76 F.4th 1116, 1124 (8th Cir. 2023).

To support his claim that the School District "copied, disseminated, and displayed" his copyright, Bell points to Exhibit 7 to the Complaint. [ECF No. 1 ¶ 40]. Exhibit 7 is a screenshot of a Twitter account. In the background is a tweet by an individual named Jamie Coon. *Id.* at 30. Although the photo in the tweet is partially obscured, some of the language in the tweet is consistent with the WIN Book. *Id.* The foreground of Exhibit 7 is a list of Twitter accounts that apparently retweeted Coon's original tweet. *Id.* Lucas Stanton ("@CoachStanton20") is among the accounts that retweeted the original message. Stanton is the head football coach at Solon High School. Beyond Stanton's employment, there are no other allegations linking the School District

to the tweet. There is no inference that the School District had involvement in Stanton's decision to retweet the excerpt; that it appeared on any official social media account operated by the School District; or any other direct link to the School District. The sole basis on which Bell seeks damages from the School District is that one of its employees retweeted an excerpt that was tweeted by a different individual. This is insufficient to state a claim for copyright infringement against the School District.

Other courts have regularly dismissed similar claims by Bell against institutional defendants where the alleged infringement occurred on an individual employee's personal social media account. *See Bell v. Crawford Indep. Sch. Dist.*, 6:19-CV-268-ADA, 2020 WL 5370592, at *4 (W.D. Tex. Feb. 13, 2020) (rejecting claim where the school district "did not own or operate the Twitter account and therefore could not directly copy the copyrighted work"); *Bell v. Llano Ind. Sch. Dist.*, 6:19-CV-268-ADA, 2020 WL 5370591, at *4 (W.D. Tex. Feb. 13, 2020); *Bell v. Chicago Cubs Baseball Club, LLC*, Case No. 19-cv-2386, 2020 WL 550605, at *3 (N.D. Ill. Feb. 4, 2020) (dismissing copyright infringement claim "because the amended complaint does not allege any facts suggesting that 'the Cubs' themselves created a copy of Plaintiff's WIN passage.").

While Count III of the Complaint expressly alleges direct copyright infringement, certain allegations suggest that Bell may also pursue a theory of vicarious liability. Specifically, Bell alleges that "Defendant had the right, ability and responsibility to supervise and/or power to prevent its infringement, but failed to do so." [ECF No. 1 ¶¶ 44, 52]. He further claims that "Defendant not only gains reputation benefit from the use of Plaintiff's IP but additionally gains financial benefit of promotion of events which further promotes financial gain of ticket sales to games, concessions, school swag and other vending opportunities occurring to Defendant's benefit." *Id.* ¶ 51.

These conclusory allegations cannot support a vicarious infringement claim. To establish vicarious liability for copyright infringement, a plaintiff must plead facts showing that the defendant "(1) had a direct financial interest in the infringing activity; and (2) had the right and ability to supervise the infringing party's acts which caused the infringement." *Llano*, 2020 WL 5370591, at *4 (quoting *ZeniMax Media, Inc. v. Oculus VR, LLC*, 116 F. Supp. 3d 697, 704 (N.D. Tex. 2015)).

The Complaint fails to allege any facts plausibly suggesting the School District meets either requirement. As to the first element, Bell's vague assertions about reputational benefits and potential ticket sales are precisely the type of conclusory statements that need not be accepted as true on a motion to dismiss. *Iqbal*, 556 U.S. at 678. The complaint contains no factual allegations establishing any causal connection between Stanton's personal Twitter activity and any direct financial benefit to the School District. Courts have consistently rejected such attenuated theories of financial interest in similar cases. *See Bell v. Pac. Ridge Builders, Inc.*, Case No. 19-cv-01307-JST, 2019 WL 13472127, at *6 (N.D. Cal. June 4, 2019) ("To impose vicarious liability on a defendant for copyright infringement, a plaintiff must establish that the defendant exercises the requisite control over the direct infringer and that the defendant derives a direct financial benefit from the direct infringement.") (quoting *Range Rd. Music, Inc. v. E. Coast Foods, Inc.*, 668 F.3d 1148, 1155 (9th Cir. 2012)).

Regarding the second element, although Bell baldly asserts the School District had the "right and ability to supervise," he alleges no facts suggesting the School District had any practical ability to control an employee's personal social media activity. The mere existence of an employment relationship does not create such authority. Indeed, courts have regularly rejected attempts to hold employers vicariously liable for employees' social media activities absent specific factual allegations establishing both elements of the test. *See Pac. Ridge Builders*, 2019 WL

1347217, at *6–7 (dismissing vicarious infringement claim against employer). Accordingly, even if Bell had expressly pled a vicarious liability theory, the conclusory allegations in the Complaint are insufficient to state a claim.

2. Breach of Contract

Bell asserts two claims for breach of contract based on provisions of the 2018 Agreement between the parties. Neither claim adequately states a basis for relief.

To show breach of contract, Bell must plausibly plead: (1) the existence of a contract, (2) the terms and conditions of the contract, (3) that he performed all terms and conditions required of them under the contract, (4) that the School District breached the contract, and (5) that Bell harmed by the breach. *Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 846 (Iowa 2010). The burden of proof is on the party claiming a breach of contract. *Iowa Mortg. Ctr., L.L.C. v. Baccam,* 841 N.W.2d 107, 110–11 (Iowa 2013). An essential element of a breach of contract claim is that the breach caused a party to incur damages. *NevadaCare v. Dep't of Hum. Servs.*, 783 N.W.2d 459, 468 (Iowa 2010).

a. "Cessation of Use" Provision

Count I alleges that the School District breached the "Cessation of Use" provision from the 2018 Agreement. [ECF No. 1 at 9]. This claim fails for several reasons. First, the plain language of the provision establishes that it was specifically limited to addressing a discrete incident involving a different School District employee in 2017. Specifically, it resolved a dispute regarding an alleged tweet by Kevin Miller, who is also a coach for the School District. This posting also occurred on Miller's personal Twitter page in February 2017. The "Cessation of Use" provision states:

> As of the Effective Date of this Agreement, SCSD, SDDE, CKM
> shall ensure that the posts to CKM Twitter page that gave rise to this

> Dispute are taken down and that any other post by SCSD, SDDE, CKM with 'The Passage' on CKM's Twitter page is taken down.

[ECF No. 12 at 3] (sealed).  Bell cannot plausibly use this narrowly-drawn provision addressing a specific past incident to create liability for an unrelated retweet by a different employee years later.  The agreement was clearly intended to resolve and prevent recurring issues with the specific Twitter account that prompted the 2018 settlement, not to create perpetual, district-wide liability for any employee's personal social media activity.

Second, even if the provision could be read more broadly, Bell fails to plausibly allege any breach by the School District.  As with his copyright claim, Bell's allegations focus entirely on actions taken by an individual employee on his personal Twitter account.  The Complaint contains no facts suggesting the School District itself took any action—or failed to take any required action—that would violate the Agreement.  Courts have routinely rejected attempts to hold institutions liable for employees' personal social media activity absent specific factual allegations establishing institutional involvement or control.  *See Llano*, 2020 WL 5370591, at \*4; *Pac. Ridge Builders*, 2019 WL 1347217, at \*6–7.

b.  "No Disparagement" Provision

Count II, alleging breach of the agreement's "No Disparagement" provision, is equally deficient.  The provision states that the parties agreed not to make "any negative or disparaging reviews, comments, remarks or any other statements to any person or in any form whatsoever regarding or relating to another Party."  [ECF No. 12 at 3] (sealed).  Bell bases this claim entirely on statements allegedly made by Superintendent Davis Eidahl during a private telephone conversation with Bell on November 30, 2021.  [ECF No. 1 ¶ 36].

The elements of a defamation or disparagement claim under Iowa law are that a defendant "(1) published a statement that (2) was defamatory (3) of and concerning the plaintiff, and

(4) resulted in injury to the plaintiff." *Mahaska Bottling Co. v. PepsiCo Inc.*, 271 F. Supp. 3d 1054, 1082 (S.D. Iowa 2017) (quoting *Johnson v. Nickerson*, 542 N.W.2d 506, 510 (Iowa 1996)). Communication to a third party is an essential element of a disparagement claim. *Doe v. Hagar*, 765 F.3d 855, 861 (8th Cir. 2014); *see also MSK EyEs Ltd. v. Wells Fargo Bank, Nat. Ass'n*, 546 F.3d 533, 542 (8th Cir. 2008) ("In order for a statement to be considered defamatory it must be communicated to someone other than the plaintiff, it must be false, and it must tend to harm the plaintiff's reputation and to lower him in the estimation of the community.") (cleaned up) (applying Minnesota law).

This claim fails because Bell has not alleged an essential element of a disparagement claim—publication to third parties. *See Huegerich v. IBP, Inc.*, 547 N.W.2d 216, 221 (Iowa 1996) ("Publication is an essential element of defamation and simply means a communication of statements to one or more third persons."). The Complaint alleges only private statements made directly to him. He does not claim that Eidahl published or communicated any disparaging statements to any third party. Without publication, Bell's allegations cannot support a claim for breach of the non-disparagement provision as a matter of law. Because Bell has failed to plausibly allege either breach of contract claim, both counts must be dismissed.

### C. Motion for Attorney's Fees and Costs

The School District requests an award of its reasonable attorney's fees and costs as the prevailing party under the Copyright Act. 17 U.S.C. § 505. The Court finds this request well-founded and awards fees and costs to the School District.

It has long been the general rule in American law that "unless Congress provides otherwise, parties are to bear their own attorney's fees." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994). However, under the Copyright Act, a district court may "allow the recovery of full costs by or against any party other than the United States or an officer thereof." 17 U.S.C. § 505. "Except as

otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." *Id.*  In awarding fees under the statute, "[p]revailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty*, 510 U.S. at 534 (noting that there is no presumption for fee awards under the Copyright Act); *accord Designworks Homes, Inc. v. Thomson Sailors Homes, L.L.C.*, 9 F.4th 961, 964 (8th Cir. 2021).  The designation of a prevailing party should be based on a party "who succeeds on a significant issue in the litigation that achieves some of the benefits the party sought" during the litigation.  *Christopher & Banks Corp. v. Dillard's, Inc.*, 805 F. Supp. 2d 693, 696–97 (S.D. Iowa 2011) (citation omitted).

The United States Supreme Court has recognized that district courts have "broad leeway" under the Copyright Act when considering a fee award. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 209 (2016).  When utilizing this discretion, courts should consider the "totality of the circumstances" of the case, with the objective unreasonableness of the plaintiff's legal position bearing "significant weight" in the award determination. *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203, 209 (2016); *Fogerty*, 510 U.S. at 534 (explaining "'[t]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised 'in light of the considerations we have identified.'") (cleaned up) (citation omitted).  In addition to giving "substantial weight to the reasonableness of" Bell's legal claims, the Court must also account for other relevant factors such as "frivolousness, motivation, compensation, and deterrence." *Designworks Homes*, 9 F.4th at 964 (cleaned up) (citation omitted).  Applying these factors, the Court finds that an award of fees in this case is appropriate.

First, the School District achieved complete success through dismissal of all claims.  While this dismissal was partially based on the statute of limitations, the Court has found fundamental

deficiencies in Bell's attempt to hold the School District liable for an employee's personal social media activity. This factor weighs in favor of a fee award.

Second, Bell's pursuit of claims against the School District was objectively unreasonable. His copyright claims were plainly untimely under his own factual allegations. He also sought damages from the School District, despite the fact that the alleged infringement occurred on a district employee's personal Twitter account. Bell offered no basis on which to conclude that the School District should be liable for such conduct on a private social media account. Additionally, his claim for violation of the "No Disparagement" provision was meritless in light of the allegations that the only disparagement that occurred was during a private phone call between Bell and the Superintendent of the School District. [ECF No. 1 ¶ 36]. Finally, Bell's request for attorney's fees, despite proceeding *pro se*, was also legally improper. *See White v. Armontrout*, 29 F.3d 357, 361 (8th Cir. 1994); *Davis v. Parratt*, 608 F.2d 717, 718 (8th Cir. 1979); *see also Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (observing that "[t]he Circuits are in agreement . . . that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees" and concluding that the cases "were correctly decided") (emphasis omitted).

More significantly, Bell's motivation in bringing this suit appears to be "the desire to extract disproportionate settlements from entities like [the School District]" rather than legitimate enforcement of his intellectual property rights. *Oakland Cmty. Pools*, 2020 WL 13695114, at *5. This case fits a documented pattern wherein Bell targets public institutions and nonprofit organizations, seeking settlements that far exceed any reasonable licensing value for the alleged infringement. The Court agrees with previous observations that such tactics do "not advance the purposes of the Copyright Act." *Id*. at *3. As other courts have noted, Bell has adopted a "business model of litigation" that involves "suing public institutions and nonprofit organizations over *de minimis* uses" of his work. *Eagle Mountain-Saginaw*, 27 F.4th at 326. Here, Bell brought time-

barred claims based on a single retweet by an employee on his personal Twitter account, while attempting to leverage a prior settlement agreement well beyond its intended scope. As noted above, Bell's pre-litigation letter sent to the School District demanded nearly $35,000. [ECF No. 10-3 at 5–6]. This appears to be a plainly exorbitant demand for the following reasons.

First, the alleged infringement was a single retweet by an employee of the School District who had approximately 1,600 followers at the time of the action. This "injury" can only be described as *de minimis*. Furthermore, "[e]ngaging a publicly funded school district . . . in costly litigation over such *de minimis* acts for these disproportionate damages smacks of harassing" litigation practices. *Bell v. Eagle Mountain Saginaw Indep. Sch. Dist.*, 529 F. Supp. 3d 605, 616 (N.D. Tex. 2021), *aff'd*, 27 F.4th 313 (5th Cir. 2022). Also, Bell's failure to respond to the School District's motion to dismiss only highlights the lack of merit in his claims.

Second, the demand amount was nearly six times as much as the School District originally paid Bell under the terms of the Agreement. [ECF No. 12] (sealed). There is nothing to indicate or otherwise explain why such an increase in damages would be appropriate for this alleged violation. Bell's motivation weighs strongly in favor of an award of fees.

Finally, considerations of deterrence strongly favor an award of fees. Bell has filed numerous similar lawsuits against public institutions, often obtaining settlements through the threat of costly litigation. An award of fees in this case may help deter the continued pursuit of objectively unreasonable claims against public entities ill-equipped to defend against such litigation. *See, e.g., Oakland Cmty. Pools*, 2020 WL 13695114, at *1, *7 (awarding fees and costs to "a nonprofit organization that offers swimming opportunities to underprivileged youth").

For these reasons, the Court concludes that the School District is entitled to recover its reasonable attorney's fees and costs. The School District shall submit a detailed accounting of its

fees and costs within fourteen (14) days of this Order.  Bell may file any specific objections to the amount requested within fourteen (14) days thereafter.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED.  [ECF No. 10]. The Complaint is DISMISSED WITH PREJUDICE.  Defendant's Motion to Strike Plaintiff's request for attorney's fees is MOOT.  The Court further awards Defendant its reasonable attorney's fees and costs as the prevailing party under 17 U.S.C. § 505.  Defendant shall file its petition for fees within **14 days** of this Order.

IT IS SO ORDERED.

Dated this 11th day of February, 2025.

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT